UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MATTHEW ALLEN RABBITT,<br>Defendant. | Case No. 25-cr-00350-TLT-2<br><br>**DETENTION ORDER**<br>Re: Dkt. No. 26 |

On October 21, 2025, defendant MATTHEW ALLEN RABBITT was charged by Indictment with Robbery Affecting Interstate Commerce and Aiding and Abetting, in violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 2, and Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1).

On November 19, 2025, a detention hearing was held in magistrate court before the Hon. Laurel Beeler, U.S. Magistrate Judge of the United States District Court for the Northern District of California. See Dkt. 23. The government moved for detention and the defendant opposed. See id. Magistrate Judge Beeler ordered the defendant's release, subject to certain conditions and an unsecured bond. See id. The government moved to revoke the order of release and for a stay of the release order pending a decision on its motion to revoke. stay of the release order until it issued a decision on the government's motion to revoke. See Dkt. 29.

This matter came before the Court on December 1, 2025, for a de novo detention hearing pursuant to 18 U.S.C. § 3145. The defendant was present and represented by Assistant Federal Public Defender Elizabeth Falk. Assistant United States Attorney E. Wistar Wilson appeared for the government on behalf of Assistant United States Attorney Eli J. Cohen. The government moved for revocation of the magistrate court's November 19, 2025, release order and the

defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by at least a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the de novo detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

As noted on the record, the Court makes the following findings as the bases for its conclusion: The clear and convincing evidence that the defendant poses a safety risk to the community that no condition or combination of conditions can reasonably mitigate includes (1) the defendant's brandishing a handgun or apparent handgun during the February 27, 2025 robbery at an AT&T store; (2) the robbery's taking place during business hours and when an employee was present; (3) the escalation of the defendant's criminal conduct over time; (4) the defendant's criminal history, including prior residential burglary convictions; and (5) the evidence of his possession of a loaded AR-style rifle between the front seat and center console of a vehicle in which the defendant was seated in the front passenger seat.

The Court further finds that there is more than a preponderance of evidence that the defendant poses a risk of nonappearance that no condition or combination of conditions can reasonably mitigate, which includes the defendant's prior conduct and his escalation in criminal conduct as well as his history of prior probation/supervision violations and failures to appear.

These findings are made without prejudice to personal characteristics the defendant's right to seek review of defendant's detention or file a motion for reconsideration if circumstances warrant it. All findings made in open court are incorporated herein.

Pursuant to 18 U.S.C. § 3142(e) and (i), and 18 U.S.C. § 3145, IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for

confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

The matter continues for Status Conference set for 1/9/2026 at 10:00 AM in San Francisco, Courtroom 09, 19th Floor.  Time was previously excluded.  ECF 22, 23.

This order resolves ECF 26.

**IT IS SO ORDERED.**

Dated: December 2, 2025

_____
TRINA L. THOMPSON
United States District Judge